B104
(Rev. 2/92)

# ADVERSARY PROCEEDING COVER SHEET

### (Instructions on Next Page)

U.S. DISTRICT COURT
TERESA L. DEPPNER, CLERK
ADVERSARY PROCEEDING NUMBER
(Court Use Only)

2005 AUG 19 P 4: 43

SOUTHERN DISTRICT
WEST VIRGINIA

| PLAINTIFFS<br>FREEDOM INDUSTRIES, INC.<br>and<br>POCA BLENDING LLC | DEFENDANTS<br>CARL LEMLEY KENNEDY, II |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Edward D. McDevitt<br>Bowles Rice McDavid Graff & Love LLP<br>Post Office Box 1386<br>Charleston, West Virginia  25325-1386 | ATTORNEYS (If Known)<br>George Lemon<br>122 1/2 North Court Street<br>Post Office Box 1250<br>Lewisburg, West Virginia  24901 |

PARTY (Check one box only)  ☑ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

Non Dischargability of Debt

## NATURE OF SUIT (Check the one most appropriate box only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 454 | To Recover Money or Property | ☐ 455 | To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 | To obtain a declaratory judgment relating to any of foregoing causes of action | |
| ☐ 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☑ 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 | To determine a claim or cause of action removed to a bankruptcy Court | |
| ☐ 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 | To obtain an injunction or other equitable relief | ☐ 498 | Other (specify) | |
| ☐ 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 | To subordinate any allowed plan or interest except where such subordination is provided in a | | | |

| ORIGIN OF PROCEEDINGS<br>(Check one box only) | ☑ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND: | NEAREST THOUSAND<br>$ 500,000.00 | OTHER RELIEF SOUGHT<br>Judgment For Plaintiff | ☐ JURY DEMAND |
|---|---|---|---|

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR Carl Lemley Kennedy, II | BANKRUPTCY CASE NO. 05-21496 |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISIONAL OFFICE<br>Charleston | NAME OF JUDGE<br>Ronald G. Pearson |
|---|---|---|

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

| FILING FEE (Check one box only) | ☑ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>August 19, 2005 | PRINT NAME<br>Edward D. McDevitt | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Edward D. McDevitt |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
~~A L. DEPPNER, CLERK~~

2005 AUG 19 P 4: 44

SOUTHERN DISTRICT
~~WEST VIRGINIA~~

**In re:**

**CARL LEMLEY KENNEDY, II,**

**Case No. 05-21496**

**Chapter 11**

   **Debtor.**

**FREEDOM INDUSTRIES, INC.,**
a West Virginia corporation,

and

**POCA BLENDING LLC,**
a West Virginia limited liability company,

   **Plaintiffs,**

v.

**A. P. No. 05- 02150**

**CARL LEMLEY KENNEDY, II,**

   **Defendant.**

CASE NO: 05-02150
RECEIPT NO: _____
AMOUNT PAID: 150.00

**COMPLAINT**

**Jurisdiction**

   1.  This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. § 1334.

   2.  Venue is proper pursuant to 28 U.S.C. § 1409.

   3.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), arising under Title 11 of the United States Code, 11 U.S.C. §§ 1, et seq. (the "Bankruptcy Code").

   4.  On May 17, 2005, a petition under Chapter 11 of the Bankruptcy Code was filed by Defendant, Carl Lemley Kennedy, II ("Debtor"), in the United States Bankruptcy Court for the Southern District of West Virginia.

5.    Freedom Industries, Inc. ("Freedom") is a corporation organized under the laws of the State of West Virginia and is a creditor of the Debtor's bankruptcy estate.

6.    Poca Blending LLC ("Poca Blending") is a limited liability company organized under the laws of the State of West Virginia and is a creditor of the Debtor's bankruptcy estate.    Freedom and Poca Blending are collectively referred to herein as the "Plaintiffs."

7.    This Complaint is filed to obtain an order of the Court denying the discharge of Debtor's obligation to Plaintiffs pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6) in the amount not less than $500,000.00, or in such amount as may be determined pursuant to an accurate accounting provided by Debtor.

## Factual Background

8.    During the period from about July 1, 1992 through about July 14, 2004, Debtor was an officer and the accountant of record for Freedom.

9.    During the period from about December 1, 1999 through about July 14, 2004, Debtor was an officer and the accountant of record for Poca Blending.

10.    As an officer of, and the accountant of record for, Plaintiffs, Debtor had access to Plaintiffs' post office boxes, corporate checking accounts, and all business and financial records and was responsible for collecting employment taxes withheld from employee's wages; preparing Internal Revenue Service ("IRS") forms and Employer's Quarterly Federal Tax Returns; and paying over to the IRS withheld employment taxes.

11.    On or about October 25, 2004, Debtor admitted to having embezzled or otherwise improperly and unlawfully converted to his own use monies belonging to Plaintiffs and other companies as part of a plea agreement (the "Plea Agreement") entered into with the United States of America with regard to certain criminal charges brought against him pursuant to Title 18 of the United States Code in the United States District Court for the Southern District of

2

West Virginia in the case styled <u>United States of America v. Carl L. Kennedy, II</u>, Case No. 05-00108 (Judge Copenhaver) (the "Criminal Action").

12.     The Plea Agreement was filed in the Criminal Action on July 27, 2005.

### A.     Unpaid Taxes and Other Obligations

13.     As admitted in the Plea Agreement, Debtor failed to pay or remit, on behalf of the Plaintiffs and others, (i) at least $1,078,840.83 in employment taxes to the IRS and (ii) at least $219,218.00 in employment taxes to the State of West Virginia.

14.     The IRS and the State of West Virginia are now seeking recovery of these unpaid taxes from the Plaintiffs.

15.     Additionally, in the Plea Agreement, Debtor admitted to "using corporate funds for his personal benefit; and writing corporate checks to cash for his personal enrichment," in addition to the amounts set forth above.

16.     Debtor owes to the Plaintiffs all amounts embezzled and all amounts he misappropriated for which Plaintiffs are now liable. The exact amount owed to Plaintiffs by Debtor can only be determined by an accounting provided by the Debtor, but is in excess of $500,000.00.

### B.     Bank One Account

17.     Due to the Debtor's misconduct and in an effort to remove the Debtor from the ongoing business operations of Freedom, on or about September 15, 2004 (after Debtor's Plea Agreement), Freedom changed its mailing address from Post Office Box 2181, Charleston, West Virginia 25328 ("Old Address") to Post Office Box 713, Charleston, West Virginia 25323 ("New Address"). Thereafter, Freedom contacted each of its customers indicating that all future payments and correspondence should be mailed to the New Address.

18.     Despite the change, some correspondence and checks made payable to Freedom Industries, Inc., in payment of invoices issued by Freedom, were still mailed to the Old Address after September 15, 2004.

19.     Of the checks sent to the Old Address after the address change, checks totaling not less than $43,763.97, and believed to be in an amount in excess of $69,000.00 (collectively, the "Checks"), were never received by Freedom, although the payors' records indicate that the checks were cashed.

20.     Upon information and belief, in July 2005, Debtor opened a bank account with Bank One, Account No. 2040257707, in the name of Freedom Industries, Inc., naming himself as the sole signatory (the "Account"), in which account debtor deposited certain of the Checks.

21.     Freedom did not authorize Debtor or any other person or entity to open any such account on its behalf, and any resolution or other corporate document presented to Bank One by Debtor to open the Account was not prepared, issued or executed by Freedom.

22.     Subsequently, the funds in the account, all designated for Freedom Industries, Inc., were withdrawn by the Debtor who was not a representative of or acting on behalf of Freedom.

23.     Plaintiffs suffered and continue to suffer substantial losses as a result of the fraud and misappropriation of the Debtor.

## COUNT I

24.     Freedom incorporates herein by reference paragraphs 1 through 23 of its Complaint.

25.     Debtor fraudulently obtained an undetermined amount of money, in excess of $500,000.00, from the Plaintiffs by making false representations that, as the Plaintiff's accountant, he was withholding and paying over to the IRS and the State of West Virginia all employment taxes for the Plaintiffs.  In furtherance of his fraudulent representations, Debtor falsified Plaintiffs' books and records to indicate that the withheld taxes had, in fact, been paid. Plaintiffs relied upon Debtors false representations and are now liable for the amounts of unpaid taxes and other obligations to be determined by an accounting provided by the Debtor.

26.     Debtor further obtained monies from Freedom by falsely representing that he had the authority (i) to open the Account in the name of Freedom, (ii) to endorse checks made payable to Freedom Industries, Inc., and (iii) to withdraw from the Account funds which rightfully belonged to Freedom.  Bank One relied on Debtor's false representations in permitting Debtor to open the Account, deposit and withdraw funds in the name of Freedom.  Freedom suffers from Debtor's false representations in that not less than $43,763.97 worth of checks made payable to Freedom Industries, Inc. were never received by Freedom and were cashed by the Debtor.

27.     In accordance with 11 U.S.C. § 523(a)(2), Plaintiffs are entitled to an order of the Court providing that Debtor is not entitled to a discharge of the amounts Debtor obtained from the Plaintiffs by false representations and fraud.

## COUNT II

28.     Freedom incorporates herein by reference paragraphs 1 through 23 of its Complaint.

29.     As an officer and the accountant of record for both Freedom and Poca Blending, Debtor was a fiduciary of both Plaintiffs.

30.     In his fiduciary capacity, the Debtor fraudulently obtained an undetermined amount of money, in excess of $100,000.00, from the Plaintiffs by making false representations that, as the Plaintiff's accountant, he was withholding and paying over to the IRS and the State of West Virginia all employment taxes for the Plaintiffs.  In furtherance of his fraudulent representations, Debtor falsified Plaintiffs' books and records to indicate that the withheld taxes had, in fact, been paid.  Plaintiffs relied upon Debtors false representations and are now liable for the amounts of unpaid taxes and other obligations to be determined by an accounting provided by the Debtor.

31.     Moreover, in his Plea Agreement, Debtor admitted embezzling corporate funds for his personal benefit and writing corporate checks to cash for his personal enrichment.

5

32.    Finally, in his capacity as a fiduciary of Freedom, Debtor further obtained monies by falsely representing that he had the authority (i) to open the Account in the name of Freedom, (ii) to endorse checks made payable to Freedom Industries, Inc., and (iii) to withdraw from the Account funds which rightfully belonged to Freedom. Bank One relied on Debtor's false representations in permitting Debtor to open the Account, deposit and withdraw funds in the name of Freedom. Freedom suffers from Debtor's false representations in that not less than $43,763.97 worth of checks made payable to Freedom Industries, Inc. were never received by Freedom and were cashed by the Debtor.

33.    In accordance with 11 U.S.C. § 523(a)(4), Plaintiffs are entitled to an order of the Court excepting from discharge the Debtor's obligation to Plaintiffs, in an amount to be determined by an accounting provided by the Debtor.

## COUNT III

34.    Freedom incorporates herein by reference paragraphs 1 through 23 of its Compliant.

35.    Debtor willfully and maliciously injured the Plaintiffs by misappropriating and failing to pay withholding taxes; falsifying Plaintiffs' books and records to reflect that the taxes had, in fact, been paid; using corporate funds for his own benefit; writing corporate checks to cash for his personal use; and fraudulently opening and using the Account in the name of Freedom Industries.

36.    Debtor's embezzlement and conversion of these monies were deliberate and intentional actions by the Debtor and without just cause, all of which harmed Plaintiffs.

37.    In accordance with 11 U.S.C. § 523(a)(6), Plaintiffs are entitled to an order of the Court providing that Debtor's obligation to it in an amount to be determined by an accounting provided by the Debtor is not dischargeable.

6

WHEREFORE, Freedom Industries, Inc. and Poca Blending LLC respectfully request that: (i) this Court enter an order denying Debtor's discharge of his obligations to Plaintiffs as presented in Counts I, II and III, pursuant to 11 U.S.C. § 523(a)(2), (4) and (6), respectively; (ii) this Court enter an order that further requires Debtor to provide Plaintiffs with an accounting of amounts wrongly obtained from the Plaintiffs; (iii) that judgment be entered against Debtor in an exact amount to be determined based on the accounting to be provided by the Debtor; and (iv) for such other and further relief as is proper.

FREEDOM INDUSTRIES, INC.,
and
POCA BLENDING, LLC,

By Counsel

_____
Edward D. McDevitt (WVSB #2437)
Courtney A. Kirtley (WVSB #9414)

Of Counsel

BOWLES RICE MCDAVID GRAFF & LOVE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1711
(304) 343-3058 (facsimile)

1431904.2

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

**CARL LEMLEY KENNEDY, II,**

        Debtor.

Case No. 05-21496
Chapter 11

**FREEDOM INDUSTRIES, INC.,**
a West Virginia corporation,

and

**POCA BLENDING LLC,**
a West Virginia limited liability company,

        Plaintiffs,

v.

A. P. No. 05-_____

**CARL LEMLEY KENNEDY, II,**

        Defendant.

**CERTIFICATE OF SERVICE**

I, Edward D. McDevitt, counsel for Freedom Industries, Inc. and Poca Blending LLC do hereby certify that on this 19th day of August 2005, I served the attached *"Complaint"* upon the following by depositing a true and exact copy thereof in the regular United States mail, first class, postage prepaid and properly addressed as follows:

Carl Lemley Kennedy, II
220 Woodbridge Drive
Charleston, West Virginia 25311

George Lemon
122 ½ North Court Street
Post Office Box 1250
Lewisburg, West Virginia 24901

Joe M. Supple
207 Stratton Alley
Lewisburg, West Virginia 24901

David L. Bissett
U.S. Trustees Office, Room 2025
300 Virginia Street, East
Charleston, West Virginia 25301

Edward D. McDevitt (WV Bar No. 2437)

1431904.2