IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

Carl Lemley Kennedy, II,                              Chapter 11
                                                      Case No. 05-21496

       Debtor.

Freedom Industries, Inc. and
Poca Blending, LLC,

       Plaintiffs,

v.                                                    A.P. No. 05-2150

Carl Lemley Kennedy, II,

       Defendant.

## ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING

This matter comes before the Court upon a motion by the Defendant, Carl L. Kennedy, II, to dismiss the Complaint filed against him in this Adversary Proceeding. Having heard argument by the parties and reviewed the pleadings and supporting documents, the Court finds the following:

### FACTUAL AND PROCEDURAL BACKGROUND

From approximately December 1, 1999, through July 14, 2004, the Debtor was an owner[1], the chief financial officer, and the accountant of record for the Plaintiffs, Freedom Industries, Inc. and its subsidiary, Poca Blending, LLC. The Debtor's responsibilities to the

---

[1] The record before the Court is inconsistent with respect to when and to what degree the Debtor transferred his ownership interests in the Plaintiffs. The issue of the Debtor's ownership interests will be discussed more fully below.

Plaintiffs included the filing of the articles of incorporation; preparing, filing, and maintaining corporate and financial documents; collecting employment taxes withheld from employee's wages; preparing Internal Revenue Service tax forms and Employer's Quarterly Federal Tax Returns; and paying over to the IRS withheld employment taxes. Additionally, the Debtor had access to the post office boxes, corporate checking accounts, and all business and financial records of the Plaintiffs.

On or about July 14, 2004, the United States executed a search warrant on the Plaintiff, Freedom Industries, Inc., in connection with its investigation of the Debtor. At that time, the Plaintiffs relieved the Debtor of all responsibilities as an officer and accountant. On May 25, 2005, the United States Attorney for the Southern District of West Virginia filed a two count Information against the Debtor in the United States District Court for the Southern District of West Virginia charging the Debtor with the failure to pay over taxes, 26 U.S.C. § 7202, and tax evasion, 26 U.S.C. § 7201. On July 27, 2005, the Honorable John T. Copenhaver, Jr., United States District Judge, conducted a plea hearing in which the Debtor waived indictment and pled guilty to the two count Information. In connection with the plea agreement, the Debtor stipulated facts in support of the plea agreement which included the Debtor admitting to concealing a large portion of his income from the IRS, using corporate funds for his personal benefit, and writing corporate checks to cash for his personal enrichment.

The Debtor filed a voluntary Chapter 11 bankruptcy petition on May 17, 2005. On August 15, 2005, the Debtor, by Counsel, met with the United States Trustee and the U.S.

Attorney's Office to discuss how the Debtor's estate would be administered since the Debtor was required to be incarcerated as a result of his guilty plea. In compromise of the U.S. Trustee's expressed intent to move for conversion of the Debtor's case to Chapter 7 and the Debtor's intent to seek appointment of an attorney-in-fact, the parties agreed to appoint a Chapter 11 Trustee to liquidate assets, administer the estate, advance a plan of reorganization and to protect the interests of both the Debtor and creditors in the case. On August 31, 2005, the Court entered an agreed order appointing Robert L. Johns as Chapter 11 Trustee.

Previously, on August 19, 2005, the Plaintiffs filed this adversary proceeding against the Debtor seeking a nondischargeable judgment pursuant to 11 U.S.C. § 523 (a)(2)(4) and (6) equal to Freedom's tax liability resulting from the Debtor's misappropriation of trust fund taxes and for other funds allegedly misappropriated from Freedom Industries, Inc. by the Debtor.

In the Debtor's bankruptcy schedules, the Debtor asserted a claim against Freedom Industries for nonpayment of the value of 90% of 50% of the ownership shares that the Debtor alleges he transferred to other shareholders. The right to file any cause of action based on this allegation became exclusively the Trustee's following his appointment and the Trustee applied for the authority to hire William F. Dobbs, Jr. and the firm of Jackson Kelly to represent the Chapter 11 estate in the assertion of a counterclaim in this proceeding. The application was approved by this Court on September 2, 2005. However it was the records and representations of the individual Chapter 11 Debtor that gave life to the cause of action.

The Trustee, by Counsel, filed an answer to the complaint in this matter and filed a counterclaim against Freedom Industries, Inc. based on the facts disclosed by the Debtor as to the ownership transfer. The Debtor filed a separate answer relating to the allegations of nondischargeability. In the counterclaim, the Trustee asserted a claim for monies due the Debtor pursuant to a stock transfer agreement, sought a declaratory judgment to determine the Debtor's ownership interest in Freedom Industries, Inc., and asked the Court to allow the Trustee to examine the stock transfer records and financial statements of the Debtor. The Trustee also asserted that funds held by the Debtor in a checking account from deposits of checks payable to Freedom Industries should be paid over to the Trustee and should be offset against any monies owed to the Debtor by the Plaintiffs.

On September 5, 2007, Freedom Industries, Inc. filed a proof of claim in the main case in the amount of $2,092,000.00 and Poca Blending, LLC filed a claim in the amount of $637,000.00, both asserting that their claims arose for the Debtor's misappropriations. Thereafter, the Chapter 11 Trustee and the Plaintiffs entered into a settlement agreement (hereinafter the "Settlement Agreement") providing for the withdrawal of the Plaintiffs' claims in the bankruptcy case and payment by Freedom Industries of $800,000.00 to the bankruptcy estate over three years at 3% interest in exchange for the release of the estate's claim of an ownership interest in the Plaintiff corporations. The Trustee also agreed to turn over Freedom's funds held in trust by the Debtor and agreed that the Plaintiffs could retain their nondischargeability lawsuit against the Debtor for the full amount of the claims asserted, which are in excess of $2.7 million. Counsel for the Trustee concurrently filed an application for compensation in excess of

$237,000.

The Debtor objected to the motion to compromise on the grounds that the Trustee was stripping the Debtor's counterclaim against the Plaintiffs and leaving the Debtor to be responsible for the defense and potential satisfaction of the entirety of the Plaintiffs' claims outside of any proposed Chapter 11 plan. The Debtor further argued that because Freedom agreed to withdraw its claim against the bankruptcy estate in exchange for the Trustee releasing the Plaintiffs from additional claims of the Trustee, the Plaintiffs were estopped from pursuing their nondischargeability claims against the Debtor. On January 16, 2008, this Court approved the settlement, but in so doing included the following language:

> "This order does not address the remaining issues in the Freedom AP between the Plaintiffs and the Debtor, including what impact this settlement has on the Plaintiffs (sic) ability to maintain their nondischargeability claims against the Debtor, as all defenses that the Debtor may assert are preserved."

The Plaintiffs did not ask that the Court reconsider this language or appeal the January 16, 2008, order.

Thereafter, the Debtor filed this motion to dismiss asserting that the nondischargeability action could not be maintained given the settlement between the Plaintiffs and the Trustee.

## DISCUSSION

Bankruptcy Rule 7012(b) incorporates subsections (b) through (I) of Rule 12 of the Federal Rules of Civil Procedure. Subsection (d) of Rule 12 provides:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under

5

> Rule 12(b)(6) or 12©, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Because the Debtor is asking this Court to consider and take judicial notice of the compromise between the Chapter 11 Trustee and the Plaintiffs and proofs of claim filed by the Plaintiffs, this motion shall be evaluated under the standard for summary judgment. Bankruptcy Rule 7056 incorporates the standards set forth in Federal Rule of Civil Procedure 56, which governs when summary judgment is appropriate. That rule provides that summary judgment shall be rendered if the pleadings, discovery, or affidavits submitted show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. The issue before the Court is whether the Plaintiffs, as a matter of law, may maintain a nondischargeability action against the Debtor after entering into the Settlement Agreement with the Trustee.

The Debtor maintains that the voluntary withdrawal of the claim by the Plaintiffs as contemplated by the settlement agreement prevents the maintenance of this action because there is no remaining claim to which the characteristic of non-dischargeability could attach. The Plaintiffs have cited and/or referenced several cases, most notably In re Graziano, 35 B.R. 589, 592-93 (Bankr. E.D.N.Y. 1983) and Stone v. Stone, 90 B.R. 71 (Bankr. S.D.N.Y. 1988), for the proposition that a dischargeability action could be maintained for claims that have not been scheduled or in which no proof of claim had been filed in the bankruptcy. See also, In re Gallick, 292 B.R. 830 (Bankr. W.D.Pa. 2003); In re Grynberg, 986 F.2d 367 (10th Cir. 1993); and In re

Loving, 269 B.R. 655 (Bankr. S.D. Ind. 2001). The present case is, however, distinguishable from those cited by the Plaintiff, in that the claim at issue was both scheduled and had a Proof of Claim filed, but was subsequently withdrawn as part of a settlement that included the release of a counterclaim against the Plaintiffs. The Court finds this distinction to be critical.

One of the purposes of bankruptcy is the marshaling and distribution of a debtor's assets to orderly and fairly satisfy in full or, more likely, in part the claims of creditors against debtors. A debtor's interest in the satisfaction of these debts is legitimate and is especially important in cases where the claims are asserted to be non-dischargeable. Congress recognized this interest in 11 U.S.C. § 501(c) which allows a debtor to file a proof of claim on behalf of a creditor so that the creditor can participate in the distribution of an estate's assets.

A Chapter 11 case initiated by an individual requires careful attention to estate and individual interests when a Trustee is appointed as in the instant case. In the present case, the counterclaim initially asserted by the Debtor and subsequently advanced by the Trustee was obviously considered substantial by the Plaintiffs as it was released in exchange for $800,000.00 in cash and withdrawal of claims in excess of $2.7 million against an estate that had significant assets. The Plaintiffs' claims against the Debtor's estate are the same claims now asserted against the Debtor personally. The agreement did not apportion any of the settlement in such a way that reduced the claims asserted against the Debtor independent from the estate. Rather, the agreement to which the Debtor was not a party stated that the Plaintiffs could assert a separate claim against the Debtor for the full amount of their claim as a non-dischargeable claim. The

Court approved the agreement, but specifically found that the recitations therein were not binding upon the Debtor. This finding was not challenged by the Plaintiffs by asking for reconsideration or by an appeal.

Accordingly, in evaluating the Plaintiffs' ability to maintain this action against the Debtor the Court is not bound by the terms of the agreement between the Plaintiffs and the Trustee. In so doing, its clear to the Court that the same claims that the Plaintiffs seek to assert in this action were previously withdrawn in exchange for the Trustee's release of the counterclaim which the Court finds to be valuable, if unliquidated, consideration. The Counterclaim was based on an assertion by the Debtor that he had not been paid for the transfer of a 90% ownership interest in 50% of the stock of the Plaintiff, Freedom Industries, Inc.. While the Court is not in a position to evaluate the merits of the Debtor's assertion or the precise value of this alleged ownership interest, the terms of the Settlement Agreement indicate that the value of the release of this agreement was substantial and the Plaintiffs agreed to a complete withdrawal of their claims with respect to the bankruptcy estate. Accordingly, the claims the Plaintiffs are seeking to assert as non-dischargeable claims have been satisfied and withdrawn and the Plaintiffs may not recover any additional amount upon those same claims simply by asserting that the nature of the withdrawn claims are non-dischargeable. Therefore, this Court hereby **DISMISSES** with prejudice this proceeding on the basis that the claims asserted have been satisfied as a matter of law.

**IT IS SO ORDERED.**

ENTERED: JUN 2 3 2011

_____

Ronald G. Pearson, Bankruptcy Judge